IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH LEE COLEMAN, <br> TDCJ NO. 717439, <br> <br> Plaintiff, <br> <br> v. <br> <br> HEALTH CARE ADMINISTRATOR, <br> et al., <br> <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> <br> CIVIL ACTION NO. H-07-2538 |

## MEMORANDUM OPINION AND ORDER

Kenneth Lee Coleman, an inmate at the Stringfellow Unit of the Texas Department of Criminal Justice, has filed a civil rights complaint under 42 U.S.C. § 1983 regarding denial of medical care. Coleman has also filed an Application to Proceed In Forma Pauperis. The court will grant the pauper's application and dismiss this action as frivolous.

Prison inmates often file complaints regarding denial of medical treatment, and in some instances courts may grant relief. See, e.g., Estelle v. Gamble, 97 S.Ct. 285, 290 (1976); Lawson v. Dallas County, 286 F.3d 257 (5th Cir. 2002); Jackson v. Cain, 864 F.2d 1235, 1247 (5th Cir. 1989). However, Coleman complains about the medical treatment provided to his mother. See Complaint, Docket Entry No. 1, at 4-6. Coleman alleges that his mother was hospitalized for cancer treatment in 2005. He complains that a

colostomy tube was improperly inserted and caused problems with her bodily functions.  Id. at 5.  At some point, hospital workers tore the colostomy bag while cleaning the tube, which further exacerbated her problems.  Coleman also states that his mother was subjected to radiation treatment that damaged her intestines and caused her to begin "defecating through her uterus [sic]."  Docket Entry No. 1, at 5.  Coleman's mother was later released to go home for hospice care and died there on July 9, 2005.  Coleman contends that his mother's death is the result of LBJ hospital workers' deliberate indifference and seeks monetary damages.  Apart from the somewhat suspect declarations in Coleman's factual allegations, he fails to establish a claim of deliberate indifference that would support a claim under § 1983.  The facts show that the patient was provided minimal care regardless of whether the treatment was successful.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Bass v. Sullivan, 550 F.2d 229 (5th Cir. 1977).

Furthermore, Coleman does not assert that his rights were violated.  His complaint concerns his mother, who apparently was not a prisoner.  Coleman cannot assert a claim involving the violation of another individual's constitutional rights when he has not suffered a personal injury to himself.  Doe v. Beaumont Independent School District, 240 F.3d 462, 466 (5th Cir. 2001), citing Valley Forge Christian College v. Americans United for the Separation of Church and State, Inc., 102 S.Ct. 752 (1982); Johns

v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("[C]onstitutional claims are personal and cannot be asserted vicariously.").

Moreover, this action cannot proceed because it has been filed in the United States District Court for the Southern District of Texas by an individual who is not a party or a licensed attorney. See District Court Local Rule 11. As a state prisoner, Coleman cannot represent his mother or her estate in a civil proceeding. Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("in a federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer"); Johns, 114 F.3d at 876 ("While a non-attorney may appear pro se on his own behalf, 'he has no authority to appear as an attorney for others than himself.'"), citing C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). See also Shaw v. Murphy, 121 S.Ct. 1475 (2001) (prison inmates do not have a First Amendment right to provide legal advice or assistance to others). Consequently, the complaint should be dismissed with prejudice to Coleman but without prejudice to a licensed attorney filing a complaint in behalf of the proper parties.

Therefore, this action will be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e) because it is legally baseless. See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

Coleman has filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2), which will be granted. Coleman shall pay the

filing fee as soon as funds become available.  28 U.S.C. § 1915(b). The TDCJ Inmate Trust Fund is **ORDERED** to withdraw $5.60 from Coleman's inmate trust account (No. 717439) and forward the funds to the Clerk.  Thereafter, the TDCJ Inmate Trust Fund shall deduct 20% of each deposit made to Coleman's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire fee ($350.00) has been paid.  Prisoners who file civil rights complaints as paupers are subject to 28 U.S.C. § 1915(e)'s screening provisions, which authorize the court to dismiss complaints that are frivolous.  See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

Coleman moves for the court to appoint a physician to submit a report concerning the health care provided to his mother.  The motion (Docket Entry No. 5) shall be denied because "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir. 1995).

## Conclusion

The court **ORDERS** the following:

1. This cause of action, filed by Inmate Kenneth Lee Coleman, TDCJ No. 717439, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED.**

3. The Texas Department of Criminal Justice Inmate Trust Fund is **ORDERED** to collect the filing fee and

    forward it to the court as provided in this
    Memorandum Opinion and Order.

4.  The Motion for Appointment of Physician (Docket
    Entry No. 5) is **DENIED**.

5.  The Clerk is directed to provide a copy of this
    Memorandum Opinion and Order to the parties; the
    TDCJ - Office of the General Counsel, P.O. Box
    13084, Austin, Texas 78711, Fax Number 512-936-
    2159; and the Pro Se Clerk's Office for the
    United States District Court, Eastern District of
    Texas, Tyler Division, 211 West Ferguson, Tyler,
    Texas 75702.

**SIGNED** at Houston, Texas, on this 9th day of October, 2007.

                                    _____
                                              SIM LAKE
                                    UNITED STATES DISTRICT JUDGE